UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MORRIS,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN, Centinela State Prison,<br><br>        Respondent. | Case No. 1:14-cv-00616-LJO-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 10), DENY PETITIONER'S MOTION FOR RELIEF (DOC. 11), DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT LEAVE TO AMEND (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**<u>OBJECTIONS DEADLINE:</u>**<br>**<u>THIRTY (30) DAYS</u>** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is Respondent's motion to dismiss the petition, which was filed on June 26, 2014. Petitioner filed opposition on July 10, 2014. Respondent filed a reply on July 17, 2014.

    I.  <u>Proceeding by a Motion to Dismiss</u>

    Because the petition was filed after April 24, 1996, the

1

effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the applicant is not entitled thereto. 28 U.S.C. § 2243. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) permits the filing of "an answer, motion, or other response," and thus it authorizes the filing of a motion in lieu of an answer in response to a petition. Rule 4, Advisory Committee Notes, 1976 Adoption and 2004 Amendments. This gives the Court the flexibility and discretion initially to forego an answer in the interest of screening out frivolous applications and eliminating the burden that would be placed on a respondent by ordering an unnecessary answer. Advisory Committee Notes, 1976 Adoption. Rule 4 confers upon the Court broad discretion to take "other action the judge may order," including authorizing a respondent to make a motion to dismiss based upon information furnished by respondent, which may show that a petitioner's claims suffer a procedural or jurisdictional infirmity, such as res judicata, failure to exhaust state remedies, or absence of custody. Id.

The Supreme Court has characterized as erroneous the view that a Rule 12(b)(6) motion is appropriate in a habeas corpus proceeding. See, Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978); but see Lonchar v. Thomas, 517 U.S. 314, 325-26 (1996). However, in light of the broad language of Habeas Rule 4,

it has been held in this circuit that motions to dismiss are appropriate in cases that proceed pursuant to 28 U.S.C. § 2254 and present issues of failure to state a colorable claim under federal law, O'Bremski v. Maas, 915 F.2d 418, 420-21 (9th Cir. 1990); procedural default in state court, White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); and failure to exhaust state court remedies, Hillery v. Pulley, 533 F.Supp. 1189, 1194 n.12 (E.D.Cal. 1982).

Analogously, a motion to dismiss a petition for failure to allege facts entitling a petitioner to relief in a proceeding pursuant to 2254, such as Respondent's motion in the instant case, is appropriate because a federal court is a court of limited jurisdiction which has a continuing duty to determine its own subject matter jurisdiction and to dismiss an action where it appears that the Court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)); Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989).

Accordingly, the Court will consider Respondent's motion pursuant to Habeas Rule 4.

Further, because it was appropriate for Respondent to file a motion to dismiss in lieu of an answer, it will be recommended that the Court deny a motion filed by Petitioner for habeas relief (doc. 11, filed July 10, 2014) based on the Respondent's failure to file an answer.

II. Background

A. The Petition

In the petition filed on April 25, 2014, Petitioner alleges that he is serving a sentence imposed in the Tuolumne County

Superior Court. He challenges a disciplinary finding that he engaged in mutual combat in prison, alleging that he was denied his right to due process of law in connection with the disciplinary hearing by the admission of hearsay evidence, the absence of an invitation to Petitioner to give his version of the facts, the absence of evidence of mutual combat due to physical evidence reflecting injuries to Petitioner but only injuries to the hands of the alleged victim, and the use of an alleged admission made to Sergeant Cook when the officer had denied that Petitioner had made the admission. Petitioner also complains of the failure of the Tuolumne County Superior Court to return unspecified exhibits and of the absence of an evidentiary hearing in state court. (Pet., doc. 1 at 1-4.)

B. <u>Petitioner's Sentence and Parole Status</u>

Petitioner is serving an indeterminate sentence of nineteen years to life imposed in 1981 for murder and two counts of furnishing marijuana to a minor, or involving a minor in the sale or transport of marijuana, in violation of Cal. Health & Saf. Code § 11361. (Motn., exh. 1, doc. 10-1 [abstract of judgment].) It is undisputed that Petitioner's minimum eligible parole date (MEPD) passed long ago. There is no information given regarding why Petitioner has not been previously found suitable for parole.

III. <u>Analysis</u>

Respondent moves to dismiss the petition on various grounds.

A. <u>Failure to Exhaust State Court Remedies</u>

First, Respondent argues that Petitioner failed to exhaust state court remedies as to his claims. Respondent relies on the order of the California Supreme Court denying Petitioner's petition

1  for writ of habeas corpus with a citations to People v. Duvall, 9
2  Cal.4th 464, 474 (1995) and Ex Parte Swain, 34 Cal.2d 300, 304
3  (1949), which stand for the proposition that state prisoners must
4  provide adequate factual support for their claims and that failure
5  to do so will result in a procedural denial. Duvall, 9 Cal.4th at
6  474; Swain, 34 Cal.2d at 303-04. Respondent argues that because the
7  state court explicitly and unambiguously relied on a procedural bar
8  to deny Petitioner's claims, the claims are unexhausted.
9      With respect to each claim brought to this Court, a petitioner
10 generally satisfies the exhaustion requirement by fully and fairly
11 presenting the substance of the same claim to the highest state
12 court in a manner sufficient to give the state court a fair
13 opportunity to consider the claim. Picard v. Connor, 404 U.S. 270,
14 275-78 (1971); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009).
15 The substance of the claim is fairly presented where the pleading
16 states the federal legal theory or basis of the claim and the facts
17 entitling the Petitioner to relief. See, Picard v. Connor, 404 U.S.
18 at 277-78. Further, a petitioner shall not be deemed to have
19 exhausted the remedies available in the state courts within the
20 meaning of § 2254 "if he has the right under the law of the State to
21 raise, by any available procedure, the question presented." 28
22 U.S.C. § 2254(c). Thus, a petitioner fully and fairly presents a
23 claim to the state courts if he presents the claim to the correct
24 forum and in conformity with proper procedures. See, Castille v.
25 Peoples, 489 U.S. 346, 351 (1989). Ordinarily a state prisoner does
26 not "fairly present" a claim to a state court if that court must
27 read beyond a petition, brief, or similar document that does not
28 alert it to the presence of a federal claim in order to find

material, such as a lower court opinion in the case, that does so. Baldwin v. Reese, 541 U.S. 27, 32 (2004).

Respondent argues that Petitioner's claims were not fairly presented to the California Supreme Court because Petitioner undisputedly failed adequately to cite to federal law in the petition he filed in the California Supreme Court. Respondent contends that Petitioner may not rely on the petitions he filed in the lower state courts to meet the requirement of fair presentation to the highest state court because a prisoner must present his federal constitutional issue to the appropriate state court "within the four corners of his appellate briefing." Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005). Petitioner asserts that petitions he filed in lower state courts contained adequate specification and documentation of factual allegations as well as specification of federal legal grounds that were adequate to exhaust his state court remedies. However, Respondent correctly contends that Petitioner's application to the state's highest court is confined to the four corners of the petition, brief, or similar document. Baldwin v. Reese, 541 U.S. at 32.

In summary, Respondent argues that because the petition filed in the California Supreme Court was deficient, Petitioner failed to comply with the exhaustion requirement, and his request for relief should be denied.

It may be that aspects of Petitioner's claims may be procedurally barred. However, in a habeas case, it is not necessary that the issue of procedural bar be resolved if another issue is capable of being resolved against the petitioner. Lambrix v. Singletary, 520 U.S. 518, 525 (1997). Likewise, the procedural

6

1  default issue, which may necessitate determinations concerning cause
2  and miscarriage of justice, may be more complex than the underlying
3  issues in the case.  In such circumstances, it may make more sense
4  to proceed to the merits.  See Franklin v. Johnson, 290 F.3d 1223,
5  1232 (9th Cir. 2002).
6      Here, the Court proceeds to consider Respondent's contentions
7  regarding Petitioner's right to relief on his claims.
8          B.   Absence of a Cognizable Claim
9              1.   Likelihood of Effect on Duration of Confinement
10     Respondent contends that Petitioner's claims do not warrant
11 relief and are not cognizable in the present proceeding.  Respondent
12 argues that Petitioner is not challenging the very fact or duration
13 of his physical imprisonment or seeking an immediate or speedier
14 release; thus, his claim lies without the core of this Court's
15 habeas jurisdiction.  See Nelson v. Campbell, 541 U.S. 637, 643-46
16 (2004).
17     It is clear that Petitioner is being afforded parole
18 suitability hearings.  Petitioner asserts, without any specification
19 of facts or legal support, that he anticipates a parole hearing in
20 2015 at which he can guarantee that parole will be denied if the
21 serious disciplinary violation of mutual combat remains on his
22 record.  However, Respondent argues that because Petitioner is
23 serving an indeterminate life term and has passed his MEPD, any
24 effect of the credit loss is too speculative to warrant proceeding
25 pursuant to 28 U.S.C. 2254.
26     A federal court may only grant a state prisoner's petition for
27 writ of habeas corpus if the petitioner can show that "he is in
28 custody in violation of the Constitution or laws or treaties of the

7

United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

With respect to Petitioner's claim that he suffered a denial of due process in a prison disciplinary proceeding that resulted in a loss of conduct credits, it is established that a constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is generally a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2254. See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings). The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement to immediate or speedier release. Preiser v. Rodriguez, 411 U.S. at 500. Thus, such claims are within the core of habeas corpus jurisdiction.

The Supreme Court's decisions concerning any boundaries between habeas jurisdiction and jurisdiction under 42 U.S.C. § 1983 have arisen in cases involving § 1983 proceedings, where it is established that, regardless of the precise relief sought, an action pursuant to § 1983 concerning prison administrative processes is barred if success in the action would necessarily demonstrate the invalidity of the confinement or its duration, or necessarily imply the invalidity of a conviction or sentence. Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 1247-48 (2005) (parole processes). However, the limits on habeas jurisdiction, or the appropriate extent of any overlap between habeas and § 1983, have not been definitively addressed by the Supreme Court. The Supreme Court has adverted to the possibility of habeas as a potential alternative remedy to an action under § 1983 for unspecified additional and unconstitutional restraints during lawful custody. Preiser, 411 U.S. at 499-500. Nevertheless, the Court has declined to address whether a writ of habeas corpus may be used to challenge conditions of confinement as distinct from the fact or length of confinement itself. See Bell v. Wolfish, 441 U.S. 520, 527 n.6, 99 S.Ct. 1861, 1868 (1979). However, it appears that the Court continues to recognize a "core" of habeas corpus that refers to suits where success would inevitably affect the legality or duration of confinement. For example, in Wilkinson, the Court noted that if success on a claim would mean at most a new opportunity for review of parole eligibility, or a new parole hearing at which authorities could discretionarily decline to shorten a prison term, then success would not inevitably lead to release, and the suit would not lie at the core of habeas corpus. Wilkinson, 544 U.S. at 82.

9

Cases in this circuit have recognized a possibility of habeas jurisdiction in suits that do not fall within the core of habeas corpus. Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989) (where the petitioner sought expungement of a disciplinary finding that was likely to accelerate eligibility for parole); Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) (where the petitioner sought only equitable relief regarding the constitutionality of the frequency of parole reviews, a claim sufficiently related to the duration of confinement). However, relief pursuant to § 1983 remains an appropriate remedy for claims concerning administrative decisions made in prison where success would not necessarily imply the invalidity of continuing confinement. Docken v. Chase, 393 F.3d at 1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997) as holding that a § 1983 suit is an appropriate remedy for challenges to conditions [there, administrative placement in a sex offender program affecting eligibility for parole] which do not necessarily imply the invalidity of continuing confinement); see Ramirez v. Galaza, 334 F.3d 850, 852, 858 (9th Cir. 2003).

Here, Petitioner is serving an indeterminate life sentence. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104 (1979). Under state law, Petitioner will complete his indeterminate sentence when California's Board of Parole hearings (BPH) determines that Petitioner is suitable for parole. Cal. Pen. Code § 3041; Cal. Code Regs., tit. 15, § 2402. The decision to set a parole release date is entrusted to the discretion of the BPH, which is to consider

whether in light of the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offenses, consideration of the public safety requires a more lengthy period of incarceration before a parole date is set. Cal. Pen. Code §§ 3041, 3041.5.

Because Petitioner had passed his MEPD when he suffered the sanction of loss of custody credits, any relationship between the credit loss and the ultimate duration of Petitioner's confinement is merely speculative. Under California law, a gain or loss of custody credits can affect the setting of an indeterminately sentenced inmate's MEPD. See Cal. Code Regs., tit. 15, § 2400. However, once an inmate's MEPD passes and the inmate begins receiving parole consideration hearings, assessing a credit loss does not affect the inmate's sentence; conduct credits are not awarded unless and until the BPH grants parole. Cal. Penal Code § 3041; Cal. Code. Regs., tit. 15, §§ 2400, 2403, 2410, 2411; see Wilder v. Dickinson, no. CV 08-1698-VBF (PLA), 2011 WL 1131491, at *6 (C.D.Cal. Feb. 10, 2011) (unpublished); Garnica v. Hartley, no. 1:10-CV-01279 GSA HC, 2010 WL 3069309, at *2 (E.D.Cal. Aug. 4, 2010) (unpublished); Alley v. Carey, no. 09-15328, 2010 WL 4386827, at **1 (9th Cir. Nov. 5, 2010) (unpublished). Here, because Petitioner had already begun receiving parole consideration hearings before the challenged forfeiture of credit, any restoration of the credit would not affect the scheduling of his next parole consideration hearing or his release on parole.

The fact that the BPH may consider Petitioner's disciplinary violation at a future parole hearing does not create a sufficient nexus to the length of imprisonment or a sufficient likelihood of

11

affecting the overall length of Petitioner's confinement.  As in Ramirez v. Galaza, 334 F.3d 850, 859, expungement of the disciplinary finding would not necessarily shorten the overall sentence.  Indeed, it is not shown that it would be likely to accelerate parole eligibility; rather, success would mean only an opportunity to seek parole from a board that could deny parole on a multitude of other grounds already available to it.  It is entirely speculative that a future parole suitability decision would hinge on the single disciplinary offense presently before the Court because the suitability decision is entrusted to the discretion of the BPH to consider how all parole suitability factors operate together to demonstrate a presence or absence of current dangerousness to the public.  See In re Lawrence, 44 Cal.4th 1181, 1212 (2008); Cal. Code Regs., tit. 15, § 2400 (providing that all available relevant, reliable information shall be considered in determining suitability for parole, including the prisoner's social history; past and present mental state; criminal history, including the base and other commitment offenses, and behavior before, during, and after the crime; past and present attitude toward the crime; any conditions of treatment or control; and any other information which bears on the prisoner's suitability for release).  The parole suitability decision depends on "an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based on their experience with the difficult task of evaluating the advisability of parole release." Greenholtz v. Inmates of Nebraska Corr. & Penal Complex, 442 U.S. at 9-10.

          2.   Liberty Interest

Petitioner does not show an expectation of release that could

form the basis of a liberty interest.  A liberty interest arises under state law when an inmate is subjected to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995).  The mere possibility, however, of a denial of parole at some later, yet undetermined, time, where one of the considerations for parole is a potentially improper disciplinary finding, does not amount to the denial of a liberty interest.  In Sandin, the Supreme Court concluded that a possible loss of credits due to a disciplinary conviction was insufficient to give rise to a liberty interest where nothing in the state's statutes required the parole authority to deny parole in the face of a misconduct record or to grant parole in its absence, even though misconduct was by regulation a "relevant consideration." Sandin, 515 U.S. at 487.  The Court noted that "[t]he decision to release a prisoner rests on a myriad of considerations," and an inmate is generally "afforded procedural protection at this parole hearing in order to explain the circumstances behind his misconduct record." Id. at 487.  The Court held that "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." Id.  After Sandin, in order to demonstrate a liberty interest, an inmate must show a disciplinary conviction will inevitably lengthen the duration of the inmate's incarceration. Id. Petitioner has not shown that there is a due process interest at issue that would provide a basis for this Court to assert its habeas jurisdiction.

Petitioner has not alleged or documented specific facts that

would demonstrate or even suggest the existence of a nexus between the credit forfeiture and the length of his imprisonment such that a sufficient likelihood exists of its affecting the overall length of confinement. See Docken, 393 F.3d at 1030-31.  Petitioner has not shown that even if he were entitled to relief on the merits of his claim concerning due process violations in the disciplinary proceedings, relief would have any effect on the legality or duration of his confinement.  Cf. Montue v. Stainer, no. 1:14-cv-01009-LJO-JLT-HC, 2014 WL 6901853, at *9-*11 (E.D.Cal. Dec. 5, 2014) (unpublished); Garcia v. Neotti, no. 11-cv-1639-WQH-KSC, 2012 WL 3986278, at *3 (S.D.Cal. July 27, 2012), adopted in Garcia v. Neotti, 2012 WL 3986229, at *2 (S.D.Cal. Sept. 11, 2012) (unpublished).  Any conceivable effect on the duration of Petitioner's confinement is speculative at best.

In summary, the Court concludes that Petitioner's claim relates only to the conditions of confinement.  Petitioner has not stated facts that would entitle him to relief in a proceeding pursuant to 28 U.S.C. 2254.  Thus, it will be recommended that the petition be dismissed.

### 3.   Clearly Established Federal Law

Finally, Respondent contends that Petitioner has not alleged facts entitling him to relief because there is no clearly established federal law requiring relief.

Title 28 U.S.C. § 2254 provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

>       (1) resulted in a decision that was contrary to,
>       or involved an unreasonable application of, clearly
>       established Federal law, as determined by the
>       Supreme Court of the United States; or
>
>       (2) resulted in a decision that was based on an
>       unreasonable determination of the facts in light
>       of the evidence presented in the State court
>       proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision. Cullen v. Pinholster, - U.S. -, 131 S.Ct. 1388, 1399 (2011); Lockyer v. Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court's determination that a claim lacks merit precludes federal habeas relief as long as it is possible that fairminded jurists could disagree on the correctness of the state court's decision. Harrington v. Richter, 562 U.S. -, 131 S.Ct. 770, 786 (2011). Even a strong case for relief does not render the state court's conclusions unreasonable. Id. In order to obtain federal habeas relief, a state prisoner must show that the state court's ruling on a claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87. The standards set by § 2254(d) are "highly deferential standard[s] for evaluating state-court rulings" which require that state court decisions be given the benefit of the doubt, and the Petitioner bear the burden of proof. Cullen v. Pinholster, 131 S.Ct. at 1398.

Further, an unreasonable application of clearly established federal law under § 2254(d)(1) cannot be premised on an unreasonable failure to extend a governing legal principle to a new context where

it should control. White v. Woodall, - U.S. -, 134 S.Ct. 1697, 1706 (2014). Therefore, " 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" Id. (quoting Yarborough v. Alvarado, 541 U.S. 652, 666 (2004)). The critical point is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no "fairminded disagreement" on the question. Harrington, 131 S.Ct. at 787.

    Petitioner contends that he suffered a denial of procedural due process protections to which he is entitled by virtue of Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). However, Respondent correctly contends that there is no clearly established federal law within the meaning of § 2254(d)(1) that requires that one in Petitioner's circumstances be afforded the full panoply of due process protections that the Court in Wolff v. McDonnell extended to inmates who suffer a direct and immediate loss of time credit from a disciplinary finding. To the contrary, since Wolff, the Court has taken pains to distinguish decisions that might have some conceivable effect on the duration of confinement but which involve more discretionary custodial decisions. See, e.g., Swarthout v. Cooke, - U.S. -, 131 S. Ct. 859, 862 (2011) (prisoners only entitled to an opportunity to be heard and a statement of reasons for a parole decision); Wilkinson v. Austin, 545 U.S. 209, 224, 228-29 (2005) (prisoner only entitled to an opportunity to be heard and a statement of reasons for being housed in a Supermax facility that denies eligible prisoners the right to parole).

Here, because any effect on the duration of Petitioner's confinement is speculative, and because the parole suitability decision is entrusted to the broad discretion of the parole authority, the Court concludes that there could not be fairminded disagreement as to the reach of Wolff v. McDonnell.

In summary, the defects in Petitioner's claims result not from a dearth of factual allegations, but rather from either state law that renders any effect on the duration of confinement remote and speculative, or from an absence of clearly established federal law that would warrant relief. Because of this, Petitioner could not state a tenable claim for relief even if leave to amend were granted. Accordingly, it will be recommended that the petition be dismissed without leave to amend for failure to state a cognizable claim.

IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented

were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

V. <u>Recommendations</u>

In accordance with the foregoing, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition be GRANTED; and

2) The petition for writ of habeas corpus be DISMISSED without leave to amend for failure to state a cognizable claim; and

3) Petitioner's motion for relief be DENIED; and

4) The Court DECLINE to issue a certificate of appealability; and

5) The Clerk be DIRECTED to close the case.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may "waive their right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 9, 2015**              /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

19